# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAWN RAWL, | Case No. 2:19-CV-1297 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| KEOLIS TRANSIT SERVICES, LLC, | |
| Defendant(s). | |

Presently before the court is the matter of *Rawl v. Keolis*, case number 2:19-cv-01297-JCM-VCF. Defendant Keolis Transit Services LLC ("defendant") removed this action on July 29, 2019, and filed its statement regarding removal the same day. (ECF Nos. 1; 6). Rather than file a motion to remand, plaintiff Shawl Rawl ("plaintiff") filed a response to the statement regarding removal (ECF No. 7), to which defendant replied (ECF No. 10).

**I.      Background**

The instant action arises from personal injuries plaintiff sustained while riding defendant's bus. (ECF No. 1-3). The case was initially filed against multiple defendants on June 4, 2018, in the Eighth Judicial District Court, Clark County, Nevada. *Id.* Two days later, defendant's attorney contacted plaintiff's counsel, admitted that defendant operated the bus at issue and, requested that plaintiff amend his complaint to name them as a party. (ECF No. 7 at 5). Defendant represented that it would admit liability. *Id.* Plaintiff amended his complaint on July 3, 2018, naming defendant as a party. *Id.*; (*see also* ECF No. 1-3).

On October 16, 2018, plaintiff signed a stipulation to dismiss the case against defendant without prejudice. (ECF No. 1-4 at 2). On October 30, 2018 the state court ordered that defendant would be dismissed without prejudice. *Id.* In April 2019, plaintiff moved to set aside

**James C. Mahan**
**U.S. District Judge**

the stipulation, arguing that it intended to dismiss only certain claims against defendant. (ECF No. 1-7). The state court reopened the case over defendant's objection, and defendants removed the action to this court. (ECF Nos. 1; 1-9).

**II.     Legal Standard**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)). Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day

clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

### III. Discussion

Here, the parties do not dispute that complete diversity exists between the parties. Nor do they dispute that the amount in controversy is satisfied. The only dispute is when defendant received notice of removability such that the thirty-day removal clock began ticking. (*See* ECF Nos. 6; 7; 10).

Defendant was involved in and had notice of this case before it was named as a defendant if only because it requested that it be named as a defendant. Then, in September 2018, defendant requested partial dismissal of certain causes of action in the amended complaint. (ECF No. 10 at 5). Nonetheless, defendant argues that it could not have had notice of removability because it has allegedly not been served with the amended complaint. (ECF No. 6 at 1). In its notice regarding removal, defendant argues as follows:

> 28 U.S.C. 1446(c)(1) bars removing a case "more than 1 year after commencement of the action…." Here, the action commenced on June 4, 2018. But inherent to 28 U.S.C. 1446(c)(1)'s 1-year limit is an assumption that there is an open case that could be removed during that 1 year. Applied here, there wasn't. The case existed from June 4, 2018 to November 1, 2018, or 151 days. This was less than a year, but at no point during those 151 days did Keolis possess facts that invoked diversity jurisdiction. Then between November 1, 2018 and July 22, 2019 the state court case was closed, so there was no action within 28 U.S.C. 1446(c)(1)'s meaning that could be removed. Only on July 22 did 28 U.S.C. 1446(c)(1)'s 1-year limit either resume or restart entirely. In either scenario, Keolis' removed well within the 1-year limit

- 3 -

*Id.* at 2. Defendant also summarily contends that "[t]he notice of removal was filed within 30 days of learning that all elements required for diversity jurisdiction were present." *Id.* Defendant's arguments are disingenuous at best and are certainly unavailing.

First, defendant cites to no authority that claims that a case must be open in order for the 1-year limit on removal to apply. To be sure, defendant bears the burden of establishing that this court has jurisdiction over the instant action. *Hunter*, 582 F.3d at 1042.

Even assuming such authority exists, the court finds that defendant's unclean hands bar it from taking advantage of the case's closure. The only reason the state court action was closed for any length of time was defendant's conduct. Indeed, plaintiff points out that defendant's email regarding the stipulation at issue was titled "Shawn Rawl v Keolis Case No A775523 (LBBS 37986.1965) **re partial dismissal**." (ECF No. 7 at 11 (emphasis in original)). In that email, defendant requested dismissal of some, but not all, of plaintiff's causes of action against it. *Id.* The only reason the instant action was dismissed in its entirety was defendant's choice to draft the stipulation contrary to the parties' intentions. *Id.* at 2.

The amended complaint naming defendant was filed on July 3, 2018. This action could be removed, at the very latest, on July 3, 2019. Defendant removed this action on July 29, 2019. This court lacks jurisdiction over the instant action pursuant to 28 U.S.C. § 1446(c)(1) and remands the case accordingly.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the matter of *Rawl v. Keolis*, case number 2:19-cv-01297-JCM-VCF, be, and the same hereby is, REMANDED to the Eighth Judicial District Court.

DATED March 9, 2020.

                                         /s/ James C. Mahan
                                         UNITED STATES DISTRICT JUDGE